# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2017, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen Roberts,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 22, 2017

Court of Appeals Case No.
49A04-1609-CR-2011

Appeal from the Marion Superior Court

The Honorable David M. Hooper, Magistrate

Trial Court Cause No.
49G12-1512-CM-43151

**Mathias, Judge.**

Stephen Roberts ("Roberts") was convicted in Marion Superior Court of Class B misdemeanor public intoxication. Roberts appeals and argues that the State failed to present sufficient evidence to rebut his defense of necessity.

We affirm.

## Facts and Procedural History

In the evening of December 5, 2015, Indianapolis Metropolitan Police Department Officer David Kinsey ("Officer Kinsey") was driving his patrol car on West Washington Street to his shift's roll call. As he did so, he observed Roberts staggering in the street, heading east between the two westbound lanes of traffic. Roberts's behavior was causing a traffic jam, with vehicles in one lane at a standstill, while vehicles in the other lane had to enter the center turn lane to avoid hitting Roberts.

Officer Kinsey stopped his car and asked Roberts to come to him. Roberts did so, staggering and almost falling down as he made his way to the police car. Once he got to Officer Kinsey's car, Roberts had to lean against vehicle to prop himself up and keep from falling down. Officer Kinsey noticed that Roberts's eyes were glassy and bloodshot, that his speech was slurred, and that he smelled of alcohol. Officer Kinsey placed Roberts in his patrol car and drove him to the police station. As he did so, the smell of alcohol was so overpowering that he had to roll down the windows of his patrol car. Roberts repeatedly told Officer Kinsey that he needed to get back to Bloomington, because he had been released from a V.A. hospital and there were people who were supposed to pick

him up in Bloomington. The following day, the State charged Roberts with Class B misdemeanor public intoxication.

[5] A bench trial was held on August 11, 2016, at which Roberts testified on his own behalf. Roberts claimed that, on the night in question, he had been at a nearby American Legion post, where he consumed four beers and some french fries. He claimed that, as he was on his way back to a veteran's housing unit, two unknown assailants approached him from behind, one of whom kicked him in the side. Roberts claimed that the traffic was stopped at the time, so he fled into the street to avoid being robbed. In his closing statement, Roberts's counsel argued that the State had failed to prove that he was intoxicated, but he also argued in the alternative that even if the State proved the elements of public intoxication, Roberts's act of staggering into the street was excused by the defense of necessity, i.e. to avoid being robbed by the two unknown assailants. The State countered that Roberts's claim of being attacked was unworthy of credit, as he had not mentioned it to the officer on the night in question and was not seen running away from any attackers but instead was merely staggering down the middle of the street. The trial court found Roberts guilty as charged and sentenced him to ten days in jail, which was covered by his time served. Roberts now appeals.

## Discussion and Decision

[6] Necessity is an affirmative defense, and an affirmative defense admits all the elements of the crime but proves circumstances which excuse the defendant from culpability. *Clemons v. State*, 996 N.E.2d 1282, 1285 (Ind. Ct. App. 2013).

Accordingly, here, Roberts does not challenge the sufficiency of the evidence used to prove that he was intoxicated in public and that he endangered his own life, the life of others, breached the peace, or harassed, annoyed, or alarmed another person. *See* Ind. Code § 7.1-5-1-3 (setting forth elements of the crime of public intoxication as a Class B misdemeanor). Instead, Roberts's sole claim on appeal is that the State failed to present evidence sufficient to rebut his defense of necessity.

[7] In order to prevail on a claim of necessity, the defendant must show the following:

> (1) the act charged as criminal must have been done to prevent a significant evil, (2) there must have been no adequate alternative to the commission of the act, (3) the harm caused by the act must not be disproportionate to the harm avoided, (4) the accused must entertain a good faith belief that his act was necessary to prevent greater harm, (5) such belief must be objectively reasonable under all the circumstances, and (6) the accused must not have substantially contributed to the creation of the emergency.

*Dozier v. State*, 709 N.E.2d 27, 29 (Ind. Ct. App. 1999).

[8] In order to negate a claim of necessity, the State must disprove at least one element of the defense beyond a reasonable doubt. *Id*. The State may refute a claim of the defense of necessity by direct rebuttal or by relying upon the sufficiency of the evidence in its case-in-chief. *Id*. The question of whether a claim of necessity has been disproved is entrusted to the trier of fact. *Id*.

[9] When reviewing a claim that the State failed to present sufficient evidence to negate a defendant's claim of necessity, we apply the same standard of review used for all sufficiency of the evidence questions. *Id*. at 30. We neither reweigh the evidence nor judge the credibility of witnesses and instead examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. *Id*. If there is substantial evidence of probative value to sustain the conviction, then it will not be set aside. *Id*. Or, put differently, "[w]here a defendant is convicted despite his claim of necessity, this court will reverse the conviction only if no reasonable person could say that the defense was negated by the State beyond a reasonable doubt." *Id*. at 29.

[10] Here, the State did not present any evidence in rebuttal. Thus, the question is whether the State's case-in-chief adequately refuted Roberts's claim of necessity. We believe that a reasonable trier of fact could so conclude. Indeed, the trial court could have simply discredited Roberts's entire story of being attacked. Roberts did not mention that he was fleeing any assailants to Officer Kinsey. The trial court could reasonably expect that someone fleeing into traffic to avoid potential robbers might mention this to a police officer. Yet all Roberts told Officer Kinsey was that he needed to get back to Bloomington, with no mention of his attackers. Also, Roberts was not observed fleeing or running from any attackers; instead, he was staggering between traffic lanes in the opposite direction of the traffic. Furthermore, Roberts's credibility was undercut by his claims of having only had four beers over a period of two and one-half hours. However, he was so intoxicated that he could barely stand, had slurred

speech, and reeked of alcohol so badly that arresting officer had to roll down the windows in his car to get fresh air.

[11] Moreover, even if the trial court believed that Roberts was attempting to escape his alleged assailants, the trial court, acting as the trier of fact, could reasonably conclude that the State negated at least one element of the necessity defense. Roberts did not testify that he was in fear for his life, only that he was concerned that his wallet might be stolen. Thus, the trial court could reasonably conclude that there was another adequate alternative to avoid being robbed other than staggering in between two lanes of traffic at night. *See Dozier*, 709 N.E.2d at 29 (noting that second element of necessity defense is that there must have been no adequate alternative to the commission of the act). Indeed, Roberts testified that the traffic was stopped at the time he was allegedly attacked. Therefore, he could have crossed the street or attempted to flag down a motorist for help. The trial court could also reasonably have concluded that Roberts's belief that his action of staggering between lanes of oncoming traffic was not objectively reasonable under the circumstances. *See id*. (noting that fifth element of necessity defense is that defendant's belief that his act was necessary to prevent greater harm must be objectively reasonable under the circumstances). Thus, the State adequately negated at least one element of the necessity defense.

## Conclusion

[12] In short, the trial court, acting as the trier of fact, was under no obligation to credit Roberts's claim that he had been attacked by unknown assailants and was

fleeing from what he believed to be an attempt at robbery. Moreover, even if the trial court credited Roberts's story, it could have reasonably concluded that the State presented evidence sufficient to negate one or more of the elements of the necessity defense. For these reasons, the State presented evidence sufficient to support Roberts's conviction for Class B misdemeanor public intoxication.

[13] Affirmed.

Baker, J., and Pyle, J., concur.